IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LINDA M. WRIGHT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 15-1040-RGA |
| NANCY A. BERRYHILL, Acting Commissioner Of Social Security, | : |
| Defendant. | : |

**MEMORANDUM**

This is an appeal from the denial of social security benefits for the period from August 11, 2006, to December 31, 2007. The parties cross-moved for summary judgment. (D.I. 11, 17). I referred the motions to the Magistrate Judge. (D.I. 19). The Magistrate Judge issued a Report and Recommendation. (D.I. 21). In brief, the recommendation was that the Magistrate Judge's decision was based on substantial evidence, but that the Magistrate Judge erred in not considering evidence from the time period of February 2, 2006, to August 10, 2006. Thus, the Magistrate Judge recommended remand for further administrative proceedings where the evidence from February 2, 2006, to August 10, 2006, would be considered.

Plaintiff filed objections. (D.I. 22). Defendant responded. (D.I. 24).

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(B), which provides that "a [district] judge may . . . designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and

1

recommendations for the disposition . . . of any motion [including a motion for summary judgment or to dismiss for failure to state a claim upon which relief can be granted]." The objected-to portions of Magistrate Judge's Report and Recommendation are subject to *de novo* review pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's first objection is that she gave ten reasons in the summary judgment briefing why the ALJ's decision was not based on substantial evidence, and the Magistrate Judge only discussed five of them in the Report and Recommendation. (D.I. 22 at 1-2). Plaintiff's objections do not describe any of the five reasons and therefore provides no basis for thinking the Magistrate Judge overlooked something of significance.

Plaintiff's second objection is that the ALJ did not have good reasons to "reject the RFC of social security's medical consultant [Dr. Borek]." (*Id.* at 2). Plaintiff argues that an October 2007 medical evaluation did not provide a basis to reject Dr. Borek's opinions from 2005 and 2006. (*Id.* at 2-3, 4-5). Plaintiff argues that the ALJ could not use evidence from 2008-10, which post-dated the claimed disability period, as evidence of disability in the earlier period. (*Id.* at 3-4).

Defendant responds to Plaintiff's second objection by stating that it is repetition of Plaintiff's brief, and Defendant is relying upon the Magistrate Judge's analysis. (D.I. 24 at 1-2). Defendant objects that the Report and Recommendation should not have remanded the matter as the ALJ did consider the evidence from February 2, 2006, to August 10, 2006. (*Id.* at 2-3).

The ALJ wrote in connection with his analysis of the record:

As for the opinion evidence, the undersigned gives little weight to the opinions of the DDS medical consultant [Dr. Borek] regarding the claimant's physical abilities from August 9, 2006, (which accompanied the prior determination), because the evidence

2

presented at the hearing level shows that the claimant experienced improvement in her condition after that date (20 CFR § 404.1527, SSR 96-6p). As discussed above, the last treatment records prior to the date last insured [December 31, 2007] from October 2007 showed that the claimant was able to walk with a steady gait and even tiptoe and heel walk (Exhibit 16F, p.1) [D.I. 7-10, Exh. 16F at 355]. Additionally, in light of the claimant's lack of treatment between 2008 and [2]010, it appears that the second surgery in June 2007 did help the claimant quite a bit.

(D.I. 7-2 at 25).

The Magistrate Judge wrote, in connection with the ALJ's discounting of Dr. Borek's opinions:

The ALJ assigned little weight to the opinions of Dr. Borek due to the inconsistency of plaintiff's physical abilities from a medical examination performed on August [9], 2006 and the evidence presented at the hearing level. Dr. Borek's examination resulted in a determination of an RFC of "less than sedentary." The October 2007 medical evaluation revealed plaintiff was able to walk with a steady gait and tiptoe which evidenced improvement when compared to the August [9], 2006 evaluation. Also, the ALJ considered plaintiff's lack of treatment from 2008 until 2010 to substantiate his evaluation of plaintiff's progress from the June 2007 surgery. Therefore, the ALJ reasonably concluded Dr. Borek's evaluation from August [9], 2006 should be given little weight.

(D.I. 21 at 15-16) (footnotes omitted).

Plaintiff argues that the ALJ rejected Dr. Borek's 2006 evaluation[1] "based upon selective evidence from one office visit in October 2007." (D.I. 22 at 2). Weighing the evidence, and decided how to reconcile it, is the job of the ALJ. It is not for the Magistrate Judge, nor for me, to reweigh it. *See Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

More generally, the ALJ's opinion was that Plaintiff was improving over the time period from August 2006 through December 2007. The October 29, 2007 office visit was consistent

---

[1] Dr. Borek also did an evaluation in 2005 (D.I. 7-8, Exh. 7F, at 251-58), but as that was a year further from the relevant time period, it does not add any weight to Dr. Borek's 2006 evaluation.

3

with that view. Plaintiff "reported that she was feeling better up until [an accident about two weeks before]." (D.I. 7-10, at 355). She was walking much better, and declined any physical therapy. (*Id.*). The ALJ observed that the June 2007 surgery had a positive impact not only based on the October 29, 2007, office visit, but also by the absence of treatment in subsequent years. Plaintiff objects to the ALJ's reliance on evidence from after December 31, 2007, and cites a number of cases for the proposition that the ALJ could not do this. (D.I. 22 at 3). I do not think the cases stand for that proposition. The first one cited, *Thomas v. Chater*, 933 F.Supp. 1271, 1277 (D.V.I. 1996), states the relevant point of law: "medical reports containing observations made after the period of disability can be relevant in assessing a claimant's disability only insofar as such reports relate to or provide evidence of claimant's pre-expiration condition." The ALJ was explicit that he viewed the lack of treatment in the post-disability time frame as evidence that the possible triggering event for improvement within the disability period – the June 2007 surgery – had been a successful surgery. As a matter of logic, the ALJ's conclusion makes sense. And, as a matter of evaluating the significance of medical evidence, the ALJ's judgment on this issue is based upon substantial evidence.

Plaintiff notes that the ALJ found that she could do the same work in 2007 that she actually did in 2008. (D.I. 7-2 at 23). Plaintiff does not argue that this was not a fact-based statement, nor could she, since that was exactly her testimony. (*Id.* at 45). Instead, she argues that it does not make sense that those capabilities are relevant to the assessment of her RFC in 2007, because the ALJ agreed that what she was doing in 2008 did not amount to "substantial gainful activity." (*Id.* at 21). It does not follow, however, that the 2008 activities, which she admitted she could have done in 2007, are irrelevant to determining her functional capacity in

4

2007.

Thus, I think Plaintiff's objections are not well-taken, and they are therefore overruled.

The ALJ recommended remand for consideration of Plaintiff's evidence for the period from February 2, 2005, through August 10, 2006. This followed briefing in which Plaintiff argued, "The ALJ erred in failing to consider evidence prior to August 10, 2006." (D.I. 16 at 22). In the briefing before the Magistrate Judge, the Commissioner's position was, "[T]he ALJ was barred from considering evidence prior to August 11, 2006." (D.I. 18 at 12). The Magistrate Judge decided (against a legal backdrop that I need not describe under the present circumstances) that the ALJ was not barred from considering the earlier evidence. The Commissioner now argues that the ALJ did so consider the evidence during the earlier period. (D.I. 24 at 2-3). It is too late for that argument, which was not made in the briefing before the Magistrate Judge. (*See* D.I. 21 at 21 (citing the Court's Standing Order in Non-Pro Se matters for Objections Filed under Fed. R. Civ. P. 72, dated October 9, 2013 (¶ 5, requiring a certification that there was good cause for not raising an argument previously))). Here, there has been no certification, and no good cause is apparent. The argument is waived.

An appropriate order will issue.

*[signature]*
United States District Judge

5